## UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

June 18, 2008

**Appearances:**

Roger Russell
#24496-050
FPC Loretto
P.O. Box. 1000
Loretto, PA 15940
       Defendant, *pro se*

Lisa Rose, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
       Attorney for the United States

Re:    United States v. Roger Russell, Crim. Action No. 02-679 (WHW)

Dear Litigants:

      Defendant Roger Russell, appearing *pro se*, has filed a motion for modification of his sentence pursuant to 18 U. S. C. § 2582(c)(2). For the reasons set forth below, the motion is denied.

The defendant pled guilty on September 11, 2002 to a conspiracy to possess more than 100 grams of heroin. He was sentenced on December 12, 2003, to 150 months imprisonment and four years supervised release.

The defendant now asks the Court to modify and reduce his sentence pursuant to 18 U.S.C. § 3582 (c)(2), which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.C. § 3582 (c)(2). Specifically, the defendant argues that his sentence should be reduced under this statutory provision because the United States Sentencing Guideline ("U.S.S.G.") relating to the computing of prior criminal history, U.S.S.G. § 4A1.2 (a), was amended by Amendment 709, effective November 1, 2007.

However, 18 U.S.C. § 3582 (c)(2) applies only to those amendments in Sentencing Guidelines that the United States Sentencing Commission has determined should be applied retroactively.  U.S.S.G. § 1B1.10(b)(1). Those amendments to the Sentencing Guidelines which should be applied retroactively are specifically identified in U.S.S.G. § 1B1.10(c).  The Policy Statement which deals with the Reduction in Term of Imprisonment as Result of Amended Guideline Range specifically states that "[i]n determining whether, and to what extent, a reduction in defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... is warranted ... the Court shall substitute *only* the amendments listed in subsection (c) for the corresponding

guidelines provisions that were applied when the defendant was sentenced and *shall leave all other guidelines application decisions unaffected.*" U.S.S.G. § 1B1.10(b)(1) (emphasis added).

Amendment 709, which on November 1, 2007 amended U.S.S.G. § 4A1.2(a), contrary to defendant's contention otherwise, is not one of the amendments specifically listed in subsection (c) of U.S.S.G. § 1B1.10. As such, the Court can not apply it retroactively and can not amend defendant's sentence pursuant to 18 U.S.C. § 3582 (c)(2) on this basis. United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995)("The language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).")[1]; Muhammed v. United States, 90-cr-304, 2008 WL 2038840, *4 (D.N.J. May 9, 2008)("Because Amendment 709 is not listed in subsection (c) of the relevant policy statement, the Court cannot consider the effect of this amendment in a motion for relief filed pursuant to 18 U.S.C. § 3582 (c)(2).").

**CONCLUSION**

For the foregoing reasons, it is on this 18th day of June, 2008,

ORDERED that defendant Roger Russell's motion for modification of sentence is DENIED.

s/William H. Walls
United States Senior District Judge

---

[1] The Third Circuit has specifically recognized that "[n]othing in [the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005),] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines." United States v. Weiss, 515 F.3d 207, 221 n. 11 (3d Cir. 2008) (restating the holding in United States v. Thompson, 70 F. 3d at 281).