# UNITED STATES DISTRICT COURT

### District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

April 06, 2009

**Appearances:**

Roger Russell
#24496-050
FPC Loretto
P.O. Box. 1000
Loretto, PA 15940

       Defendant, *pro se*

Re:    Motion to Alter or Amend Judgement Pursuant to Rule 59(E) (09/10/2008), United States
       v. Roger Russell, Crim. Action No. 02-679 (WHW)

Dear Mr. Russell:

      You have filed a *pro se* motion for modification of your sentence as a result of alleged plain error in the calculation of the career offender status in your pre-sentence report (PSR). In your motion you have also asked this Court to reconsider your earlier motion to modify your sentence under 18 U.S.C. § 2582(c)(2). For the following reasons, your motion is denied.

### Sentencing History

      You pled guilty on September 11, 2002 to one count of conspiracy to distribute and possess more than 100 grams of heroin "[f]rom at least in or about December, 2000 through in or

about February, 2002". Information at pg. 1 (August 19, 2002). You were sentenced on December 12, 2003 to 150 months imprisonment and four years supervised release.

### **Amendment Under 18 U.S. C. § 2582(c)(2)**

In your previous motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense of March 5th, 2008, you sought to modify and reduce your sentence pursuant to 18 U.S.C. § 3582 (c)(2), which allows for modification if the applicable sentencing guideline has been amended by the Sentencing Commission. You argued that your sentence should be reduced because the United States Sentencing Guideline ("U.S.S.G.") relating to the computing of prior criminal history, U.S.S.G. § 4A1.2 (a), was amended by Amendment 709 (effective November 1, 2007). This Court denied your motion on the basis that Amendment 709 did not meet the requirements for retroactive application set out in U.S.S.G. § 1B1.10(c). See Letter Order denying Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, June 18, 2008.

In your current motion you again seek modification of your sentence as a result of Amendment 709 by arguing that it can be applied retroactively as a clarifying amendment under U.S.S.G § 1B1.11(B)(2), which provides:

> The Guidelines Manual in effect on a particular date shall be applied in its entirety... [I]f a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes.

This guideline is limited to cases where a court does not apply the guidelines in effect at "the time of sentencing" since "those Guidelines would expose the defendant to a sentence higher than the Guidelines in effect at the time of the crime, raising Ex Post Facto concerns." United States v. Jimenez, 513 F.3d 62, 86 (3d Cir. 2008) (citing USSG § 1B1.11(a), (b)(1); United States v. Brennan, 326 F.3d 176, 197 (3d Cir.), cert. denied, 540 U.S. 898, 124 S. Ct. 248, 157 L. Ed. 2d 178 (2003).

Amendment 709 is a substantive amendment and therefore cannot be applied to your sentence under U.S.S.G § 1B1.11(B)(2). During sentencing, the Court considered and applied the 2001 guidelines rather than the 2003 guidelines in order to avoid any Ex Post Facto issues. See Sentencing Transcript at pgs. 6-7 (December 11, 2003). Under U.S.S.G § 1B1.11(B)(2), the Court could only consider clarifying amendments to the 2001 guidelines. The Court could not have applied Amendment 709 to your sentence since it is a substantive rather than a clarifying amendment. See Munoz v. United States, 2008 U.S. Dist. LEXIS 36630, 2008 WL 1981535, *2-3 (M.D. Pa. May 2, 2008) (holding that "Amendment 709 is substantive alone, and therefore, not retroactive"); United States v. Marler, 527 F.3d 874, 878 n.1 (9th Cir. 2008) (stating on direct appeal that "[t]he 2007 amendment accordingly was a substantive change, not a clarifying change, and does not apply retroactively.") (citing United States v. Wood, 526 F.3d 82, 87-88 (3d Cir. 2008) (holding that "the amended version of § 4A1.2(a)(2) effects a substantive change" and therefore did not apply retroactively, reasoning that Amendment 709 does not incorporate the "relatedness" concept into the main body of § 4A1.2, removes "any consideration of whether the offenses in question share any temporal proximity or factual relationship," and "fails to mention the notion of consolidation"); United States v. Godin, 522 F.3d 133, 135 (1st Cir. 2008)

(holding that Amendment 709 was substantive, stating that "[t]he Commission said that a conflict existed as to the interpretation of the earlier guideline and, in lieu of clarification in favor of one view or the other, it adopted a new blanket rule that eliminates the ambiguity by going beyond any circuit's reading of the previous rule").

Your motion to apply Amendment 709 retroactively under U.S.S.G § 1B1.11(B)(2) is denied.

### Plain Error Qualification Of Defendant As Career Offender

You also argue that you career offender status as defined by U.S.S.G § 4B1.1(a) was miscalculated in the PSR. U.S.S.G § 4B1.1(a) provides that:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Specifically, you argue that the three prior felony convictions used to qualify you as a career offender in the PSR, two robbery convictions and a controlled substance conviction, should not have been considered in your career offender calculation under U.S.S.G § 4B1.1(a)(3).

#### A. The Robbery Convictions

You first argue that the two robbery convictions should not be counted as separate felonies since "[t]he probation department acknowledged the defendants [sp] two robbery

-4-

convictions are related by referring to the convictions as 4A1.1(f) pg. 23 of the PSR and 4A1.1(A) pg. 22 of the PSR." This argument is based on U.S.S.G § 4B1.2(c) which states that "the sentences for at least two of the [] felony convictions [must be] counted separately under the provisions of § 4A1.1(a), (b), (c)."

The two robbery convictions qualify as only one felony conviction under U.S.S.G § 4B1.2(c). U.S.S.G § 4A1.2(a)(2) provides that "prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), or (c)." Application Note 3 to § 4A1.2 further clarifies when sentences are "related":

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

The robbery convictions resulted from the same arrest on September 2, 1995, and were consolidated for purposes of sentencing on October 10, 1996. PSR at pgs. 21-23. This qualifies the convictions as "related" under U.S.S.G § 4A1.2 and mandates that they be considered as one conviction under U.S.S.G § 4B1.1(a).

You are correct that the two robbery convictions count as only one felony conviction for the career offender calculation under U.S.S.G § 4B1.1(a). However this does not require an adjustment of your sentence since your total criminal history still qualifies you as a career offender.

### B. <u>The Controlled Substance Conviction</u>

In addition to the two robbery convictions, you were convicted on August 15, 1991to 2 years probation for distribution of a controlled substance. When combined with the two "related" robbery convictions, this controlled substance conviction satisfies the "two prior felony convictions" requirement to qualify as a career offender under U.S.S.G § 4B1.1(a).

You argue that the conviction for distribution of a controlled substance should not have counted towards your career offender qualification since it was outside the ten (10) year qualify conviction period at the time of your sentencing.

For purposes of career offender calculation, the time period for qualifying felony convictions with a sentence of more than one year and one month's imprisonment is fifteen (15) years. U.S.S.G § 4A1.2(e)(1). In addition, U.S.S.G § 4A1.2(e)(2) provides that "2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted."

The distribution of a controlled substance conviction falls within this 10 year time period. You were sentenced by this Court for a conspiracy to possess and distribute a controlled substance which commenced "in or about December, 2000". Information at pg. 1. Thus any sentence for a violent or controlled substance crime handed down after December, 1990 qualifies for calculation of your career offender status. You were sentenced for your previous controlled substance conviction on August 15, 1991, well within this 10 year period. Your prior controlled substance sentence was properly counted in your career offender calculation.

**CONCLUSION**

For the foregoing reasons, it is on this 6th day of April, 2009,

**ORDERED** that defendant Roger Russell's motion to alter or amend his judgment is **DENIED**.

**s/William H. Walls**
United States District Judge
